UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

LINDA BOWEN,

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.
a/k/a ROYAL CARIBBEAN CRUISES LTD., A
LIBERIAN CORPORATION, d/b/a
ROYAL CARIBBEAN CRUISE LINE and
d/b/a ROYAL CARIBBEAN INTERNATIONAL,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff LINDA BOWEN hereby sues the Defendant ROYAL CARIBBEAN CRUISES LTD. hereinafter "RCCL" or "Defendant")  and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1.      This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.      **THE PLAINTIFF**.  The Plaintiff Linda Bowen (hereinafter referred to as "Plaintiff" or "Bowen"), is *sui juris* and is a citizen and resident of the United States of America and a citizen and resident of Clark, New Jersey.

3.      **THE DEFENDANT.** The Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter referred to as the "Defendant" or "RCCL"), is a Foreign Profit Corporation, is incorporated in Liberia, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto Royal Caribbean owned and/or operated the cruise ship on which the subject negligence occurred.

4.      **FEDERAL SUBJECT MATTER JURISDICTION**.   Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Broward County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5.      **VENUE AND PERSONAL JURISDICTION.**   The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6.   **SPECIFIC PERSONAL JURISDICTION.**   Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by Royal Caribbean.

7.   All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8.   **DATE OF INCIDENT.**   This incident occurred on August 19, 2024.

9.   **LOCATION OF INCIDENT.**   This incident occurred onboard RCCL's *Symphony of the Seas,* a ship in navigable water, while the Plaintiff was a passenger aboard.   Accordingly, the Plaintiff's claims are governed by the general maritime law.   Specifically, the Plaintiff's incident occurred on the open deck on Deck 5 on the walking/jogging track.   Upon information and belief the photographs below depict the walking/jogging track area at issue:





10.     **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At

all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and,

accordingly, was an invitee while on the vessel.

11.   **RCCL *SYMPHONY OF THE SEAS* AND THE DANGEROUS CONDITION**.

Royal Caribbean owns and operates 28 cruise ships which include the *Symphony of the Seas*. Royal Caribbean's operations include offering amenities in central locations onboard each of its ships for guests to enjoy.  One of those amenities is a walking/jogging track for guests to use to walk or run around the circumference of the ship in a designated area, enjoy a scenic view of the cruise ship and access other open deck amenities on the ship.  These areas included marked and labeled areas which encourage and direct guests to walk and/or run for fitness/exercise during each voyage. Each and every one of these walking/jogging tracks can be access through doorways that guests can used to enter and/or exit the open deck to either use the walking/jogging track or otherwise access the open deck areas to go to other deck amenities.  RCCL knows or certainly should know from years of operating its ships with these walkways that guests will routinely walk or run through walking/jogging track as well as the areas that lead to and from the doorways that lead to and from the interior of the ship that connect with the walking/jogging track.  RCCL knows that this deck is a high traffic area on every one of its ships and that passengers frequently visit this area on a regular basis. For that reason, Royal Caribbean knows, it is extremely important to inspect and maintain the floors in such a fashion as to keep the floors safe for passenger traffic. This includes warning guests of potential hazards within the track that may cause guests to trip, slip and fall.

12.     Within the walking tracks are unlevel/sloped areas which are the same/similar color tones as the rest of the walking track.  RCCL chose and/or approved to design, construct and/or otherwise install unlevel/sloped areas within the walking/jogging track.  These sloped areas include sudden changes in incline and/or height. These sloped areas within RCCL's walkways are made of the same or similar materials and/or same-colored materials as the rest of the walkway and/or flooring surrounding the slope. This causes an optical illusion which can camouflage and/or blend these sloped uneven areas into the walkway. Portions of these unlevel/sloped areas lead to and from the doorways that connect with the walking/jogging track and/or are extend out into the walkway itself.  RCCL's unlevel/sloped areas within the walking/jogging track blend in with the walking/jogging track; lack visual cues making these areas readily apparent to guests and lack warning signs to alert guests as to the presence of the unlevel/sloped areas of the walking.  RCCL also failed to maintain the walkway free from a known tripping hazards despite the fact that the company knows guests will walk/jog on the track and may suddenly approach these unlevel/sloped areas and encourage/direct guests to walk in this area.

13.     **DESCRIPTION OF THE INCIDENT**. On August 19, 2024, RCCL chose to provide a walking/jogging track with sudden sloped/unlevel areas within it.  RCCL failed to maintain the walkway free of potential tripping hazards and/or maintain the walkway such that these unlevel/sloped areas are readily apparent to guests to prevent trip and falls. RCCL also failed to properly mark this dangerous condition, cordon off or block off the area, or timely post warning signs or warn its passengers of this dangerous condition.

14.     On the day of the incident, Mrs. Bowen and her husband went to walk on the Deck 5 walking/jogging track. This was the very first time Mrs. Bowen had walked on or was near the walking track. While walking on the track Mrs. Bowen was paying attention to where she was going and looking ahead. Despite this, suddenly and without warning Mrs. Bowen's left foot

caught on a hidden sloped/unlevel area located towards the left side of the jogging track which she could not and did not see before she fell. This caused her to trip and fall. Mrs. Bowen fell forward and landed on her left shoulder. Mrs. Bowen reported the incident shortly after it happened and was taken to the infirmary and her left arm was placed in a sling. RCCL's safety officer investigated this incident. RCCL's investigation of this incident through its shipboard crew involved taking statements from crew, the Plaintiff, reviewing CCTV video as well as inspecting the area of the fall.

15.     To further evaluate her injuries, Mrs. Bowen was taken to a hospital by ambulance in Port Canaveral for x-rays and more comprehensive care. Mrs. Bowen was diagnosed with an acute traumatic comminuted impacted fracture of her left proximal humeral head and neck. After returning home in New Jersey, Mrs. Bowen told Dr. Matthew Garberina (Orthopedic Surgeon in Berkeley Heights, NJ) that she was not a candidate for surgery to correct her injuries because of her cancer treatment she was undergoing to treat her breast cancer. Because of Royal Caribbean's negligence, passenger Mrs. Bowen fell on the walking/jogging track. Mrs. Bowen was placed in a sling for six weeks and prescribed physical therapy twice a week along with home exercise to increase her mobility.

16.     **DAMAGES.**   As a result of RCCL's negligence, the Plaintiff tripped, fell and sustained severe and permanent injuries, including but not limited an acute traumatic comminuted impacted fracture of her left proximal humeral head and neck. These injuries are permanent and significantly affect the life and abilities of Mrs. Bowen. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. Mrs. Bowen has suffered these losses in the past and will continue to suffer in the future. These injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. These injuries and damages also include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

17.     **NOTICE: PRIOR SIMILAR INCIDENTS**. Prior similar incidents show evidence that RCCL had notice of the dangerous condition here.  RCCL documents prior slip and falls, slipperiness, and water accumulations on its open decks in various ways, which may include prior shipboard meetings, logs, or databases of prior similar incidents of trip and falls; prior complaints made to guest services throughout its fleet; prior inspection, maintenance and/or testing of the floor surface. Examples of prior similar incidents known to date include the following:

    a.  *Wilder v. Royal Caribbean Cruises Ltd.*, Case No. 22- cv-23212-JEM (S.D. Fla. 2022) Former passenger Wilder tripped and fell while in the area of the shipboard walking/jogging track.

    b.  *Budilovsky v. Royal Caribbean Cruises Ltd.*, Case No. -cv-24067-JAL (S.D. Fla 2023) – Former passenger Budilovsky tripped and fell on a hidden sloped/unlevel

area in the area of the walking/jogging track on September 21, 2022 while onboard the *Symphony of the Seas*.

c. *Crick v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-21214-KMM (S.D. Fla. 2018) Former passenger Shirley Crick tripped and fell on an unmarked unlevel area while walking in the jogging track area while onboard the *Harmony of the Seas* on December 4, 2026.

d. *Robinson v. Royal Caribbean Cruises Ltd.*, Case No. 21-CV-20212- MGC (S.D. Fla. 2016) – Former passenger Robinson tripped on a hump or raised uneven area on the walking track while she was onboard the *Harmony of the Seas* on October 4, 2019.

18. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.**
Additional evidence that RCCL had notice of the dangerous condition here is shown by the length of time that the condition existed. RCCL's walking/jogging track which included sloped, uneven areas, were installed, advertised and offered for guests to use for exercise and/or to walk between different areas of each ship.  These walkways can be used multiple times a day, a week, and hundreds if not thousands of times per year.  RCCL also approved the walkways designated for passenger use which include the unlevel/sloped areas within its walkway.  Therefore, RCCL inspected, chose and/or otherwise approved the manner in which these areas are built, repaired, replaced and/or otherwise constructed.  RCCL therefore had the right and opportunity to change, repair, modify and/or otherwise eliminate the dangerous condition which caused this incident long before it happened.  However, RCCL chose not to do so.

19. **NOTICE: TRAINING AND PROCEDURES AND TRAININGS.**  Additional evidence that RCCL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. RCCL provides and trains crew

members tasked with inspection, cleaning and/or maintenance of its common walkway areas, and to warn passengers that its walkways may be uneven, sloped and/or have a change of incline and height. RCCL's training programs are written within the company's training manuals (SMS Protocols) as well as in two-minute trainers, videos and presentations. These materials are generated, prepared, reviewed and/or otherwise controlled by RCCL. RCCL specifically trains crew members to paint, mark, place written warning signs, markers, verbal warnings and/or other indicators to warn passengers of its uneven and/or sloped walkways. RCCL's training and procedures instruct crew members that its walkways, including walkway areas that can be uneven and/or sloped which can cause passengers to slip and/or trip and fall and stumble and/or lose balance and fall and get injured. RCCL created this procedure for its crew because RCCL knows that without verbal, written and/or visual warnings or cues passengers may not be able to appreciate the irregularities of its common walkways. RCCL also knows that the irregularities, uneven and/or sloped areas within its walkway, are not open and obvious to its passengers. This shows that RCCL knew or should have known its uneven and/or sloped areas within its walkways are not an open and obvious condition.

20.    **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, underline subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") RCCL's walkways, including the sloped and/or uneven areas within and/or extending into the open deck walking/jogging track are escape routes that RCCL must maintain in a safe, clear and traversable condition. Upon information and belief, RCCL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to

providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, <u>MSC Circular 735</u> (24 June 1996); U.S. Access Board, <u>Draft Passenger Vessel Accessibility Guidelines</u> (2000-present) and ADA <u>Accessibility Guidelines</u>; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; <u>Life Safety Code</u>; and Safety of Life at Sea SOLAS) Treaty.

21.     **<u>NOTICE: CAUTION SIGNS.</u>** Additional evidence that RCCL had notice of the dangerous condition here is shown by the fact that RCCL had signs in other areas of the ship identifying potential tripping hazards, changes in floor level and/or sloped/uneven areas within walkways, but *not* in the area or vicinity of the walking/jogging track which caused the Plaintiff to trip and fall.

22.     **<u>NOTICE: ON-GOING, REPETITIVE PROBLEM.</u>**  Additional evidence that RCCL had notice of the dangerous condition here is shown by the fact that the dangerous condition as it is an on-going repetitive problem.

**<u>COUNT I</u>**
**<u>NEGLIGENT FAILURE TO MAINTAIN</u>**
**(Direct Liability for Negligence Under General Maritime Law)**

23.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

24.     This is an action against RCCL for failure to maintain its public walkways including those with sloped and/or uneven areas within the walkway in a reasonably safe condition onboard the RCCL *Symphony of the Seas* on August 19, 2024.

25.     **<u>DUTIES OWED BY RCCL</u>**. RCCL owes a duty to exercise reasonable care for the safety of its passengers including the Plaintiff. RCCL owes a duty as a common carrier to its passengers to maintain all areas of its ship. RCCL's duty of care includes maintaining public area walkways in a reasonably safe condition.  This includes but is not limited to RCCL's public area walkways used to walk between different areas of the ship and/or walking/jogging track which

includes the subject area where Mrs. Bowen tripped and fell on August 19, 2024 when she was a passenger onboard the RCCL *Symphony of the Seas*.

26.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 17-22** above and incorporated herein.

27.     **RCCL BREACHED ITS DUTY**. RCCL breached its duty to maintain the walkway that included the walking/jogging track with areas which lead between the interior and exterior area on Deck 5 onboard the RCCL *Symphony of the Seas* on August 19, 2024 in a safe manner.  RCCL breached its duties to Mrs. Bowen by its actions and conduct.  RCCL failed to maintain and inspect the area where Mrs. Bowen tripped and fell. RCCL failed to inspect the walkway with sufficient regularity.  Additionally, RCCL allowed the subject walkway to remain with a sudden uneven and/or sloped for an extended period of time.  RCCL did not repair, even out or level the walkway. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations.

28.     **PROXIMATE CAUSE**. RCCL's failure to inspect and maintain the subject walkway free of tripping hazards onboard the RCCL *Symphony of the Seas* in a safe manner, proximately caused Mrs. Bowen's injuries. The Defendant's negligent inspection and maintenance allowed for the subject walkway to contain a hidden uneven and/or sloped for an extended period of time. Had RCCL properly maintained and inspected the walkway area of the stairwell onboard the RCCL *Symphony of the Seas*, Mrs. Bowen would have never tripped, fallen and been injured on RCCL *Symphony of the Seas* on August 19, 2024.

29.     **DAMAGES.** As a result of RCCL's negligent maintenance the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 15-16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**ACTIVE NEGLIGENCE OF RCCL CREW MEMBERS**
**NEGLIGENT FAILURE TO MAINTAIN**

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

30.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

31.     This is an action against RCCL for RCCL's vicarious liability for the active negligence of its employees for their failure to properly inspect and maintain the subject area in a safe manner, including Plaintiff, for the dangerous condition.

32.     **DUTIES OWED BY RCCL.**  At all times material herein, the crew aboard the RCCL *Symphony of the Seas* were the employees of the Defendant.  RCCL is therefore vicariously liable for the active negligence of its crew for their negligent failure to maintain the ship's walkways including those with uneven, sloped areas onboard the RCCL *Symphony of the Seas* in a safe manner.  RCCL's crew owe passengers a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.  This duty of care includes maintaining the ship's public walkways including those with uneven, sloped areas the RCCL

*Symphony of the Seas* in a safe manner including the floor where the Plaintiff tripped and fell on August 19, 2024.

33.     At all times material hereto, the vessel's crew assigned to inspect and maintain the ship's public walkways including those with uneven, sloped areas in a reasonably safe manner were subject to the control and/or right to control by RCCL.  RCCL operated, controlled and/or maintained the ship's public walkways including those with uneven, sloped areas as well as its shipboard housekeeping department, hotel department and safety and security department.  RCCL was responsible for among other things and without limitation overseeing the operations of the ship's public walkways including those with uneven, sloped areas including the inspection and maintenance of its walkways; overseeing the operations of the shipboard housekeeping department including those crew assigned to inspect and maintain ship's public walkways including those with uneven, sloped areas, purchasing and maintaining the equipment and materials used to inspect and maintain floors including the subject sloped, uneven walkways; training, evaluating, and coaching crew assigned to inspect and maintain the walkways; and establishing rules, protocols and schedules of crew assigned to inspect and maintain its shipboard floors in reasonably safe condition to prevent trip and falls.

34.     The RCCL *Symphony of the Seas*'s shipboard housekeeping, hotel and safety and security supervisors assigned, instructed, directed and/or otherwise advised the crew members assigned to inspect and maintain the public walkways that they should inspect and maintain these areas in a reasonably safe condition to prevent trip and falls.  These supervisors designate crew who are commonly known as housekeeping stewards to perform these tasks. RCCL's shipboard housekeeping and/or hotel supervisors create shift schedules and section assignments that designate stewards to specific areas of the ship which include interior public walkways.  RCCL's shipboard housekeeping stewards are then responsible for inspecting and maintaining all walkways within their

designated section assignments which can include the area where the plaintiff ultimately tripped and fell.  Additionally employs crew who are tasked with fulfilling work orders and/or repairs.  These crew are notified by crew who work in the public areas including the open decks of areas and/or features which need inspection, repairs and/or modifications.  These crew (and their supervisors) were also responsible for the inspection and maintenance of the area where the plaintiff ultimately tripped and fell.  The crew members who were responsible for the inspection and maintenance of the sloped, uneven walkway actively failed to do so.

35.     The crew assigned to the section which included the sloped, uneven walkway where the Plaintiff fell are responsible for being aware of their surroundings, inspecting and maintaining all floors in a reasonably safe condition to prevent trip and falls in compliance with RCCL's maintenance program as alleged in **paragraph 19**.  On the day of the incident RCCL's crew failed inspect and/or maintain the walkway where Mrs. Bowen fell.  RCCL by and through its crew therefore failed to reasonably inspect and maintain the sloped, uneven walkway in a reasonably safe manner to prevent trip and falls.

36.     **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.**

RCCL is vicariously liable for negligent acts of its employees.  A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case RCCL's crew members' negligent acts caused the Plaintiff to trip and fall.  Specifically, RCCL's crew assigned to the area where the Plaintiff fell failed to reasonably inspect and maintain the sloped/unlevel walkway in a reasonably safe condition. Additionally, RCCL's crew assigned to the area failed to maintained the sloped/unlevel area of the walkway with paint, coatings and/or markings which would have maintained the area in a condition in which guests would readily see and appreciate the sudden change within the

walkway.  RCCL's crew failed to inspect, maintain, warn and/or otherwise prevent the Plaintiff from walking on the hidden sloped, uneven walkway caused Mrs. Bowen to trip and fall.  Despite, not being required to establish that the shipowner, RCCL, had actual or constructive notice for the negligent acts of its employees, the Plaintiff nevertheless establishes that RCCL had actual or constructive notice within **paragraphs 17-22** adopted herein.

37. **RCCL BREACHED ITS DUTIES.**  RCCL's crew breached their duty to maintain the walkway in a safe manner where Mrs. Bowen tripped and fell. Specifically, RCCL's crew members failed to inspect and maintain the walkway where Mrs. Bowen fell in a reasonably safe condition. Instead, RCCL's crew allowed a hidden uneven, sloped area to remain in the walkway, crew failed to inspect or maintain any visual cues to enable passengers to visualize or become aware of the sloped, uneven area within the walkway, failed to maintain the area with paint, coatings and/or markings in a condition which guests could readily see/appreciate the sudden change within the walkway and/or otherwise failed to maintain the area free from tripping hazards or to prevent the development of a tripping hazard. RCCL's crew allowed this to happen despite knowing that the area where Mrs. Bowen tripped and fell was known to suffer from trip and falls and contained a tripping hazard known to blend into the floor.  RCCL's crew failed to comply with applicable industry standards, statutes, and/or regulations with regard to inspection and maintenance of its walkways including this escape route.

38. **PROXIMATE CAUSE.**   The crew's failure to maintain the walkway which contained a hidden sloped, uneven area onboard the RCCL *Symphony of the Seas* in a safe manner on August 19, 2024, proximately caused Mrs. Bowen's injuries. RCCL's crew's negligent maintenance caused a hidden sloped, uneven area within the walkway to remain within the walkway for an extended period of time. The hidden sloped, uneven area within the walkway was unreasonably and unexpectedly dangerous and a known and well understood potential tripping

hazard. Had RCCL's crew inspected and maintained the floor in the subject area onboard the RCCL *Symphony of the Seas* in a reasonably safe manner, Mrs. Bowen would have never tripped and fallen on the hidden sloped, uneven walkway onboard the RCCL *Symphony of the Seas* on August 19, 2024.

39.     **DAMAGES.**  As a result of RCCL's crew's negligent maintenance the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 15-16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT III**</u>
<u>**NEGLIGENT FAILURE TO WARN**</u>
**(Direct Liability for Negligence Under General Maritime Law)**

40.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

41.     This is an action against RCCL for failure to warn passengers, including Mrs. Bowen of its hazards, risks or dangers onboard the RCCL *Symphony of the Seas*.

42.     **DUTIES OWED BY RCCL**. RCCL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. RCCL owes a duty

17

of reasonable care under the circumstances. RCCL's duty of care includes warning of dangerous conditions on board the RCCL *Symphony of the Seas,* including the uneven and/or sloped walkways on August 19, 2024 including the area where Mrs. Bowen tripped and fell.

43.     RCCL had actual notice and/or constructive notice of the dangerous condition as alleged in **paragraphs 17-22** above and incorporated herein.

44.     **<u>RCCL BREACHED ITS DUTY</u>**: RCCL breached its duty to warn Mrs. Bowen of the dangerous conditions onboard the RCCL *Symphony of the Seas*. RCCL breached its duties to the Plaintiff by its actions and conduct.  RCCL failed to cordon off the uneven and/or sloped walkway in which Mrs. Bowen was using to exit the covered stairwell or place physical barriers on the floor or otherwise to prevent access to the uneven and/or sloped walkway. RCCL failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the walkway area where Mrs. Bowen tripped and fell on August 19, 2024.  RCCL failed to make audible announcements that the walkway was uneven, sloped, and/or elevated and dangerous. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations to warn passengers including Mrs. Bowen of the tripping hazard hidden within the walkway on August 19, 2024.

45.     **<u>PROXIMATE CAUSE</u>**. RCCL's failure to reasonably warn Mrs. Bowen of the dangerous conditions on board the RCCL *Symphony of the Seas,* including the uneven and/or sloped walkway where Mrs. Bowen tripped and fell on August 19, 2024, proximately caused the Plaintiff's injuries. Had RCCL reasonably warned Mrs. Bowen of these dangerous conditions, Mrs. Bowen would have been aware of the dangerous conditions and never would have tripped and fallen on the subject sloped, uneven walkway and been injured on board the RCCL *Symphony of the Seas* on August 19, 2024.

46.     **DAMAGES.** As a result of RCCL's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 15-16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT FAILURE TO WARN**

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

47.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

48.     This is an action against RCCL for its vicarious liability for the active negligence of its employees for their failure to warn passengers, including Mrs. Bowen, of its hazards, risks or dangers onboard the RCCL *Symphony of the Seas* on August 19, 2024.

49.     **DUTIES OWED BY RCCL**. At all times material herein, the crew aboard the RCCL *Symphony of the Seas* were the employees of the Defendant. RCCL is therefore vicariously liable for the active negligence of its crew for their negligent failure to warn passengers of known dangers in places where the passengers are invited or may reasonably be expected to visit. RCCL therefore owes a duty to exercise reasonable care for the safety of its passengers by and through

its employees onboard its ships.  RCCL's crew have a duty of care which includes warning passengers of dangerous conditions onboard the RCCL *Symphony of the Seas* including the hidden sloped, uneven walkway where Mrs. Bowen tripped and fell.  RCCL's crew owed passengers including Mrs. Bowen the duty to warn of dangerous conditions including potential tripping hazards such as the sloped uneven walkway where Mrs. Bowen tripped and fell on August 19, 2024.

50.     At all times material hereto, the vessel's crew assigned to warn guests of potential hazards including tripping hazards which included the area of the subject incident were subject to the control and/or right to control by RCCL.  RCCL operated, controlled and/or maintained the area of the subject incident as well as its shipboard departments and crew responsible for warning guests of hazards including tripping hazards such as the subject hidden uneven, sloped walkway.  RCCL was responsible for among other things and without limitation overseeing the operations of the its shipboard public walkway areas including the provision of warnings and/or visual cues to alert and/or otherwise warn guests of potential tripping hazards in its walkways; overseeing the operations of the shipboard housekeeping departments including those crew assigned and/or otherwise responsible for providing guests with warnings of potential tripping hazards onboard RCCL ships which included the subject area; selecting, purchasing and maintaining visual cues, warning signs and/or other materials to warn guests of tripping hazards; training, evaluating, and coaching crew assigned to warn guests of potential tripping hazards; and establishing rules and protocols for crew to identify, understand, appreciate potential tripping hazards and how to prevent trip and falls on tripping hazards.

51.     The RCCL *Symphony of the Seas* shipboard supervisors assigned, instructed, directed and/or otherwise advised the crew members assigned to provide warnings of potential tripping hazards in common area walkways to prevent trip and falls.  The crew that the shipboard supervisors oversee, manage and/or otherwise responsible for are lower level crew members. RCCL's shipboard

supervisors create shift schedules and section assignments that designate crew to specific areas of the ship which include the subject common walkway.  RCCL's shipboard crew assigned to these areas are responsible for identifying, understanding and appreciating potential tripping hazards within their areas as well as areas that are not assigned to them.  Additionally employs crew who are tasked with fulfilling work orders and/or repairs.  These crew are notified by crew who work in the public areas including the open decks of areas and/or features which need perform repairs and/or modifications. These crew (and their supervisors) were also responsible for providing warnings for tripping hazards by adding visual cues, markers, signs, paint and/or coat the area to make the sloped/uneven areas readily apparent to guests to prevent trip and falls.  These crew are responsible for providing guests with warnings and/or visual cues to alert guests of potential safety hazards including potential tripping hazards.  The crew members who were responsible for providing guests with warnings and/or visual cues to alert guests of potential tripping hazards including the sloped/unlevel area where the Plaintiff tripped actively failed to do so.

52.     The crew assigned to the area which included the common walkway with the hidden uneven, sloped area which caused the Plaintiff to trip and fall are responsible for being aware of their surroundings in order to identify potential tripping hazards, provide warnings or visual cues to guests and to otherwise work to prevent trip and falls in compliance with RCCL's safety programs as alleged in **paragraph 19**.  On the day of the incident RCCL's crew failed to provide warnings and/or visual cues to alert guests including the Plaintiff of the sloped uneven area in the walkway where the Plaintiff fell.  RCCL by and through its crew therefore failed to reasonably warn guests in a reasonably manner to prevent trip and falls.

53.     <u>**NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.**</u>

RCCL is vicariously liable for negligent acts of its employees.  A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a

shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case RCCL's crew members' negligent acts caused the Plaintiff to trip and fall.  Specifically, RCCL's crew assigned to the area where the Plaintiff fell failed to place any sign to mark the alert guests of the tripping hazard, block off the area to prevent guests including the Plaintiff from walking on the tripping hazard without any warning and/or failed to provide verbal warnings to warn guests including the Plaintiff of the hidden uneven sloped area within the walkway.  RCCL's crew failed to warn and/or alert guests including the Plaintiff of the tripping hazard within the subject walkway caused the Plaintiff to trip and fall. Despite, not being required to establish that the shipowner, RCCL, had actual or constructive notice for the negligent acts of its employees, the Plaintiff nevertheless establishes that RCCL had actual or constructive notice within **paragraphs 17-22** adopted herein

54.  **RCCL BREACHED ITS DUTY**: RCCL's crew breached their duty to warn the Plaintiff of the dangerous conditions on board the RCCL *Symphony of the Seas*, including where Mrs. Bowen tripped and fell on August 19, 2024.  RCCL's crew breached their duties to the Plaintiff by its actions and conduct.  RCCL's crew failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the subject area where Mrs. Bowen tripped and fell on August 19, 2024.  RCCL's crew failed to cordon off the wet walkway where Mrs. Bowen fell or place physical barriers on the floor or otherwise to prevent access to the sloped, uneven walkway where Mrs. Bowen fell. RCCL's crew failed to reasonably and regularly make audible announcements to alert passengers of the presence of the potential tripping hazards such as the sloped uneven walkway. RCCL's crew also failed to comply with applicable industry standards, statutes, and/or regulations with regard to warning guests of a known hazard in a walkway which is an escape route.

55.     **PROXIMATE CAUSE**. The crew's failure to reasonably warn Mrs. Bowen of the dangerous conditions on board the RCCL *Symphony of the Seas*, including the sloped uneven walkway where Mrs. Bowen tripped and fell on August 19, 2024, proximately caused the Plaintiff's injuries. Had RCCL's crew reasonably warned Mrs. Bowen of the dangerous condition, Mrs. Bowen would have been aware of the dangerous condition and never would have walked onto the sloped, uneven area of the walkway and/or been able to reasonably navigate the hazard had it been brought to her attention.  Mrs. Bowen therefore would have never tripped, fallen and been injured on board the RCCL *Symphony of the Seas* on August 19, 2024.

56.     **DAMAGES.** As a result of RCCL's crew's negligent failure to warn the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 16-16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

### (Direct Liability for Negligence Under General Maritime Law)

57.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 22 above.

58.     This is an action against RCCL for its negligent training of shipboard crew members.

59.    **DUTIES OWED BY RCCL.** RCCL owes a duty to exercise reasonable care for the safety of its passengers. RCCL owes a duty of reasonable care under the circumstances. RCCL owes a duty as a common carrier to its passengers to train its crew members to reasonably inspect and maintain its common walkways, including stairwells, and warn of dangers known to RCCL where RCCL invites or reasonably expects passengers to go.

60.    At all times material hereto, RCCL operated and controlled the stairwell walkway area.  RCCL was responsible for, among other things and without limitation, the crew assigned to inspect and maintain the subject area.  This operational responsibility included but was not limited to training crew how to warn guests of dangerous conditions and prevent passengers from tripping, falling and/or getting injured.

61.    RCCL created training programs specifically addressing the inspection and maintenance of its common walkways/ramps, warning guests of dangers (including uneven and/or sloped walkways and improperly trained employees).  These trainings include programs that are specifically applicable to the inspection, maintenance, provision of warnings to guests regarding hazards and fall prevention in the common walkway areas. These programs are more thoroughly alleged and incorporated herein in **paragraph 19**.

62.    RCCL should have become aware and could have easily discovered that it had failed to properly train its crew member given that the crew member(s) failed to inspect and maintain the subject area, failed to provide the Plaintiff warnings about the dangerous condition and/or otherwise failed to implement or operate RCCL's training programs designed to prevent falls and injuries, provide warnings and maintain walkways in a reasonably safe condition.

63.    RCCL should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) failed to properly warn passengers

of the dangerous conditions on board the RCCL *Symphony of the Seas* including where Mrs. Bowen was injured on August 19, 2024.

64.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 17-22** above and incorporated herein.

65.     **RCCL BREACHED ITS DUTIES.** RCCL breached its duty of care owed to Mrs. Bowen and was negligent by failing to reasonably train its crew members to inspect and maintain its walkway, to warn passengers of the dangerous conditions on board the RCCL *Symphony of the Seas* including the subject area where Mrs. Bowen tripped and fell on August 19, 2024. RCCL failed to reasonably implement or operate its training programs including but not limited to the following ways:

a.  failing to teach shipboard crew how to inspect and maintain walkways used by guests to get to and from one deck to another and/or walkways containing sudden slopes/unlevel areas;

b.  failing to teach shipboard crew how frequently to inspect and maintain the stairways and walkways used by guests to get to and from one deck to another and/or walkways containing sudden slopes/unlevel areas;

c.  failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand how to inspect and maintain stairways and walkways used by guests to get to and from one deck to another and/or walkways containing sudden slopes/unlevel areas in safe condition;

d.  failing to teach shipboard crew to warn passengers of uneven and/or sloped walkways and the dangerousness of the uneven and/or sloped walkways used by guests to get to and from one deck to another and/or walkways containing sudden slopes/unlevel areas;

e.  failing to teach shipboard crew how to warn guests about uneven and/or sloped walkways and the dangerousness of the uneven and/or sloped walkways and stairways used by guests to get to and from one deck to another and/or walkways containing sudden slopes/unlevel areas;

f.  failing to teach shipboard crew how to reasonably mark, cordon off and/or provide visual cues to alert guests that walkways and/or stairways used by guests may be uneven and/or sloped;

g.  failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand RCCL's trip and fall prevention program;

h.  failing to teach shipboard crew how frequently crew should be trained to ensure they understand, remember and retain information from training programs regarding trip and fall prevention;

i.  failing to teach shipboard crew to comply with industry standards regarding how to train its crew members to inspect and maintain uneven and/or sloped walkways and the dangerousness of the uneven and/or sloped walkways;

j.  failing to teach shipboard crew to assign sufficient crew to implement and operate its inspection, maintenance, warning and/or fall prevention programs.

66.     In doing so, RCCL failed to reasonably implement or operate its training programs described in **paragraph 19** and incorporated herein.

67.     At the time Mrs. Bowen tripped and fell on the stairwell walkway, the crew that were responsible for warning, maintaining, and inspecting that area failed to do so.  Because those crew members were not properly trained, those crew members failed to reasonably inspect, maintain, operate and/or otherwise warn passengers, like Mrs. Bowen, of the dangerous conditions

on board the RCCL *Symphony of the Seas* including the subject area where Mrs. Bowen tripped and fell on August 19, 2024.

68.      **PROXIMATE CAUSE.** RCCL's failure to reasonably train its crew to implement or operate its training procedures proximately caused Mrs. Bowen's injuries. Had RCCL reasonably implemented or operated its training programs onboard its ships including the *Symphony of the Seas* on August 19, 2024, the crew members would have inspected, maintained, operated and/or otherwise warned Mrs. Bowen about the dangerous condition. If RCCL had reasonably implemented or operated its training programs, these dangerous conditions would not have existed. If RCCL reasonably trained its crew members, Mrs. Bowen would have been aware of the dangerous conditions. Mrs. Bowen therefore would never have tripped and fallen on the subject incident area on August 19, 2024.

69.      **DAMAGES**. As a result of RCCL's negligent training the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 15-16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

**(Vicarious Liability for Negligence**

*Respondeat Superior* **Under General Maritime Law)**

70.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

71.     This is an action against RCCL for its vicarious liability for the active negligence of its employees for negligent training of shipboard crew members onboard the RCCL *Symphony of the Seas*.

72.     **DUTIES OWED BY RCCL**. At all times material herein, the crew aboard the RCCL *Symphony of the Seas* were the employees of the Defendant.  RCCL therefore owes a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.  RCCL is therefore vicariously liable for the active negligence of its crew for their negligent failure to train its crew members to reasonably inspect and maintain its common walkways, including uneven, sloped areas, to warn of dangers known to RCCL where RCCL invites or reasonably expects passengers to go and otherwise implement or operate RCCL's trip and fall prevention procedures.

73.     At all times material hereto, the vessel's crew assigned to train its crew members to reasonably inspect and maintain its common walkways and warn of dangers known to RCCL where RCCL invites or reasonably expects to go were subject to the control and/or right to control by RCCL. RCCL operated, controlled and/or maintained its training programs used to train its shipboard crew. RCCL was responsible for among other things and without limitation overseeing the operations of RCCL's shipboard training programs; overseeing the crew assigned to train crew which included training on how to inspect and maintain common shipboard walkways and to warn of dangers known to RCCL to prevent trip and falls; training, evaluating, and coaching crew assigned to train crew to inspect and maintain walkways, identify and/or otherwise appreciate potential tripping hazards, warn passengers of known dangers and on its procedures to prevent trip and falls; and establishing rules,

protocols and schedules of crew assigned  to train and be trained onboard RCCL's ships to inspect and maintain walkways, warn guests of hazards and company procedures to prevent trip and falls.

74.     The RCCL designates personnel both shoreside and onboard its ships to train crew on company inspection, maintenance, safety and trip and fall prevention procedures.  These procedures are more thoroughly alleged and incorporated herein in **paragraph 19**.  RCCL created a system a pyramid structure whereby shipboard supervisors train their subordinates (crew who report to these supervisors and who supervisors are ultimately responsible).  RCCL personnel designated to train RCCL's shipboard supervisors include but are not limited to RCCL personnel from within the company's safety and security department, housekeeping department and/or hotel department. RCCL's training includes how shipboard supervisors are expected to manage their teams which includes training subordinate crew.  Once trained the supervising crew are supposed to train shipboard crew on RCCL's procedures.  These procedures include trip and fall prevention, safety, inspection and maintenance of walkways and warning guests of known hazards including those which could cause a person to trip and fall.  Shipboard crew from all departments are trained in shipboard safety, trip and fall prevention, identification of potential tripping hazards, and provision of warnings to guests of potential tripping hazards.  However, crew from RCCL's housekeeping and hotel departments are trained on inspecting and maintaining public walkways in a reasonably safe manner. Ultimately RCCL's crew and personnel train shipboard crew on company training programs including those which specifically address the inspection and maintenance of its common walkways/ramps, warning guests of dangers (including uneven and/or sloped walkways and improperly trained employees).

75.     RCCL's shipboard personnel should have been aware and/or could have easily discovered that they had failed to reasonably train its crew given that (1) the crew member(s) failed to inspect and maintain the subject area, (2) crew failed to provide guests including the Plaintiff

warnings about the dangerous condition and/or (3) crew otherwise failed to implement or operate RCCL's training programs designed to prevent falls and injuries, provide warnings and maintain walkways in a reasonably safe condition.

76. **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.**

RCCL is vicariously liable for negligent acts of its employees. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021). In this case RCCL's crew members' negligent acts caused the Plaintiff to trip and fall. Specifically, RCCL's crew assigned to the area where the Plaintiff tripped and fell failed to reasonably inspect and maintain the walkway where the Plaintiff tripped and fell in a reasonably safe condition. Additionally, RCCL's crew assigned to the area failed to provide any warnings or visual cues of the tripping hazard and/or failed to provide verbal warnings to warn guests including the Plaintiff of the hidden uneven, sloped area in the walkway. RCCL's crew failed to train its crew to inspect and maintain its walkway, to warn passengers of the dangerous conditions on board the RCCL *Symphony of the Seas* including the subject area where Mrs. Bowen tripped and fell on August 19, 2024. Despite, not being required to establish that the shipowner, RCCL, had actual or constructive notice for the negligent acts of its employees, the Plaintiff nevertheless establishes that RCCL had actual or constructive notice within **paragraphs 17-22** adopted herein

77. **RCCL BREACHED ITS DUTY**: RCCL's crew breached its duty of care owed to Mrs. Bowen and was negligent by failing to reasonably train shipboard supervisors and subordinate crew assigned to and/or otherwise responsible for the subject area to inspect and maintain its walkway, to warn passengers of the dangerous conditions on board the RCCL *Symphony of the Seas* including the subject area where Mrs. Bowen tripped and fell on August 19,

2024. RCCL's crew failed to reasonably implement or operate RCCL's training programs including but not limited to the following ways:

    k.  failing to teach shipboard crew how to inspect and maintain the stairways and walkways used by guests to get to and from one deck to another;

    l.  failing to teach shipboard crew how frequently to inspect and maintain the stairways and walkways used by guests to get to and from one deck to another;

    m.  failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand how to inspect and maintain stairways and walkways used by guests to get to and from one deck to another in safe condition;

    n.  failing to teach shipboard crew to warn passengers of uneven and/or sloped walkways and the dangerousness of the uneven and/or sloped walkways and stairways used by guests to get to and from one deck to another;

    o.  failing to teach shipboard crew how to warn guests about uneven and/or sloped walkways and the dangerousness of the uneven and/or sloped walkways and stairways used by guests to get to and from one deck to another;

    p.  failing to teach shipboard crew how to reasonably mark, cordon off and/or provide visual cues to alert guests that walkways and/or stairways used by guests may be uneven and/or sloped;

    q.  failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand RCCL's fall prevention program;

31

r. failing to teach shipboard crew how frequently crew should be trained to ensure they understand, remember and retain information from training programs regarding fall prevention;

s. failing to teach shipboard crew to comply with industry standards regarding how to train its crew members to inspect and maintain uneven and/or sloped walkways and the dangerousness of the uneven and/or sloped walkways and stairways;

t. failing to teach shipboard crew to assign sufficient crew to implement and operate its inspection, maintenance, warning and/or fall prevention programs.

78. In doing so, RCCL's crew failed to reasonably implement or operate RCCL's training programs described in **paragraph 19** and incorporated herein.

79. At the time Mrs. Bowen tripped and fell on the walkway, the crew responsible for warning, maintaining, and inspecting that area failed to do so. Because RCCL's crew/personnel responsible for training shipboard crew members were not properly trained, the crew members failed to reasonably inspect, maintain, operate and/or otherwise warn passengers, like Mrs. Bowen, of the dangerous conditions on board the RCCL *Symphony of the Seas* including the subject area where Mrs. Bowen tripped and fell on August 19, 2024.

80. **PROXIMATE CAUSE**. The crew's failure to reasonably train its crew to implement or operate its training procedures proximately caused Mrs. Bowen's injuries. Had RCCL's crew reasonably implemented or operated its training programs onboard its ships including the *Symphony of the Seas* on August 19, 2024, the crew members would have inspected, maintained, operated and/or otherwise warned Mrs. Bowen about the dangerous condition. If RCCL's crew had reasonably implemented or operated its training programs, these dangerous

conditions would not have existed. If RCCL's crew reasonably trained its crew members, Mrs. Bowen would have been aware of the dangerous conditions.  Mrs. Bowen therefore would never have tripped and fallen on the subject incident area on August 19, 2024.

81.    **DAMAGES.** As a result of RCCL's crew's negligent failure to warn the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 15-16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT VII**
**NEGLIGENT DESIGN, CONSTRUCTION**
**AND SELECTION OF MATERIALS**

**(Direct Liability for Negligence Under General Maritime Law)**

82.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 22 above.

83.    This is an action against RCCL for its negligent design, construction and selection of the subject area.

84.    **DUTIES OWED BY RCCL.**  RCCL owes a duty to exercise reasonable care for the safety of its passengers. RCCL owes a duty of reasonable care under the circumstances. RCCL's duty to design, construct and select materials for all areas and features of its vessels,

including the subject area, is part of RCCL's duty of reasonable care under the circumstances. RCCL had a duty to design the subject area including the walkways and stairways in a reasonably safe manner and in accordance with industry standards.

85.     RCCL custom designed and custom built the RCCL *Symphony of the Seas* to RCCL's specifications. RCCL participated in and/or approved of the design of the subject area including the sloped and/or uneven area within the walkway. RCCL participated in and/or approved of the selection of the materials for the subject area including the subject walkway. RCCL participated in and/or approved of the installation of the materials for the subject area including the sloped and/or uneven area within the walkway. RCCL chose to install this same and/or similar walkway and/or stairway throughout its fleet.  RCCL continues to repair, modify and/or install the same and/or similar sloped and/or uneven walkways on all its ships, including the RCCL *Symphony of the Seas*.  At all times RCCL had the ultimate control over the design and construction of the RCCL *Symphony of the Seas*.  RCCL had the right to inspect both the designs on paper and the design and construction at the yard. RCCL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the RCCL *Symphony of the Seas* and all other RCCL ships within the fleet including the same and/or similar sloped, uneven areas within RCCL's shipboard walkways.  RCCL had the right to reject any and all items, designs and construction.  RCCL holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved.  RCCL approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that RCCL has operated and maintained the ship continuously since on or about January 2017.

86.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 17-22** above and incorporated herein.

87.     RCCL knew or should have known that the subject area including the sloped, uneven area within the walkway it chose and installed on the RCCL *Symphony of the Seas* was unreasonably dangerous and uneven, sloped and/elevated.

88.     RCCL knew or should have known of the dangerousness of the subject area including the subject walkway and/or stairway since their installation in 2017.

89.     **RCCL BREACHED ITS DUTIES.**  RCCL breached its duties of care owed to Mrs. Bowen and was negligent by approving, designing, constructing, and/or selecting the subject area including the subject sloped, uneven walkway on board the RCCL *Symphony of the Seas* where the subject incident occurred. RCCL failed to design, construct, select, approve and/or select materials that complied with industry standards.  The design and/or materials RCCL chose, selected, approved of, and installed for the subject area on board the RCCL *Symphony of the Seas* were unreasonably dangerous.

90.     **PROXIMATE CAUSE.** RCCL's negligent design, construction, and selection of materials for the subject area on board the RCCL *Symphony of the Seas* proximately caused Mrs. Bowen's injuries.  Had RCCL properly designed, constructed and selected the subject area on board the RCCL *Symphony of the Seas,* Mrs. Bowen would have never tripped, fallen and sustained injuries as a direct result of the fall on August 19, 2024.

91.     **DAMAGES.** As a result of RCCL's negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in **paragraph 16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement,

mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT VIII**
**NEGLIGENT DESIGN, CONSTRUCTION**
**AND SELECTION OF MATERIALS**

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

92.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 22 above.

93.     This is an action against RCCL for its vicarious liability for the active negligence of its employees for their negligent design, construction and selection of the subject area.

94.     **DUTIES OWED BY RCCL.**  At all times material herein, the crew aboard the RCCL *Symphony of the Seas* were the employees of the Defendant.  RCCL is therefore vicariously liable for the active negligence of its crew for their negligent design, construction and selection of the subject area.  RCCL therefore owes a duty to exercise reasonable care for the safety of its passengers by and through its employees. RCCL's crew have a duty of care which includes to design, construct and select materials for all areas and features of its vessels, including the subject areas, as part of their duty of reasonable care under the circumstances.  RCCL's crew had a duty to design the subject area including shipboard common area walkways in a reasonably safe manner and in accordance with industry standards.

95.     At all times material hereto, RCCL's employees assigned to design, construct and/or select materials for RCCL ships were subject to the control and/or right to control by RCCL.  RCCL operated, controlled and/or maintained departments of employees who are designated and/or responsible for the design, construction and/or selection materials of RCCL ships.  Similarly RCCL

36

operated, controlled and/or maintained departments of employees who are responsible for repairs, redesign, upgrades, updates and/or modifications of areas onboard RCCL ships.  RCCL was responsible for among other things and without limitation overseeing the operations of its employees who design construct and/or select materials for RCCL ships and/or responsible for repairs, redesign, upgrades, updates and/or modifications of areas onboard RCCL ships; selecting, purchasing and maintaining designs, construction and/or selection of materials for its ships; training, evaluating, managing and coaching employees responsible for the design, construction and/or selection of materials for its ships; and establishing rules, protocols and/or procedures for employees responsible for the design, construction, selection of materials, repairs, redesign, upgrades, updates and/or modifications of RCCL's ships.

96.    Upon information and belief and at all times material hereto RCCL employs, operates and/or otherwise controls departments which are designated and/or otherwise assigned to design, construct, select materials of ships as well as repairs, redesign, upgrades, updates and/or modifications to existing ships.  Upon information and belief and at all times material hereto these departments include but may not be limited to the New Build Department and Refurbishment Departments. RCCL's departments including the New Build and Refurbishment departments plan, organize, operate and/or control the design, construction, selection of materials, repairs, redesign, upgrades, updates and/or modifications to RCCL ships.  These employees create, review and/or approve all designs, construction, selection of materials, repairs, redesign, upgrades, updates and/or modifications to RCCL ships.  To do so these employees work individually and in teams, undergo regular and continuous meetings amongst the responsible departments as well as RCCL employees who work onboard and/or visit RCCL's ships.

97.    RCCL's employees custom designed and custom built the RCCL *Symphony of the Seas* to their specifications. RCCL employees participated in and/or approved of the design of the

subject area including the sloped and/or uneven area within the walkway. RCCL's employees participated in and/or approved of the selection of the materials for the subject area including the subject walkway. RCCL's employees participated in and/or approved of the installation of the materials for the subject area including the sloped and/or uneven area within the walkway. RCCL's employees chose to install this same and/or similar walkway and/or stairway throughout its fleet. RCCL's employees continue to repair, modify and/or install the same and/or similar sloped and/or uneven walkways on all its ships, including the RCCL *Symphony of the Seas*. At all times RCCL's employees had the ultimate control over the design and construction of the RCCL *Symphony of the Seas*. RCCL's employees had the right to inspect both the designs on paper and the design and construction at the yard. RCCL's employees had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the RCCL *Symphony of the Seas* and all other RCCL ships within the fleet including the same and/or similar sloped, uneven areas within RCCL's shipboard walkways. RCCL's employees had the right to reject any and all items, designs and construction. RCCL's employees held the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. RCCL's employees approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that RCCL has operated and maintained the ship continuously since on or about January 2017.

98.     RCCL's employees knew or should have known that the subject area including the sloped, uneven area within the walkway it chose and installed on the RCCL *Symphony of the Seas* was unreasonably dangerous and uneven, sloped and/elevated.

99.     RCCL's employees knew or should have known of the dangerousness of the subject area including the subject walkway since installation in 2017.

100.    **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.**
RCCL is vicariously liable for negligent acts of its employees.  A passenger is not required to
establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a
shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th
1164, 1169-1170 (11th Cir. 2021).  In this case RCCL's employee' negligent acts caused the
Plaintiff to trip and fall.  Specifically, RCCL's employees were negligent by approving, designing,
constructing, and/or selecting the materials for subject area including the subject sloped, uneven
walkway on board the RCCL *Symphony of the Seas* where the subject incident occurred. RCCL's
employees failed to design, construct, select, approve and/or select materials that complied with
industry standards.  The design and/or materials RCCL's employees chose, selected, approved of
and/or installed for the subject area on board the RCCL *Symphony of the Seas* were unreasonably
dangerous.

101.    Nevertheless, RCCL's crew either had actual notice and/or had constructive notice of
the dangerous condition as alleged in **paragraphs 17-22** above and incorporated herein.

102.    **RCCL BREACHED ITS DUTIES.**  RCCL's employees breached their duties of
care owed to Mrs. Bowen and were negligent by approving, designing, constructing, and/or
selecting the materials for the subject sloped, uneven walkway on board the RCCL *Symphony of
the Seas* where the subject incident occurred. RCCL's employees failed to design, construct, select,
approve and/or select materials that complied with industry standards.  The design and/or materials
RCCL's employees chose, selected, approved of and/or installed for the subject area on board the
RCCL *Symphony of the Seas* were unreasonably dangerous.

103.    **PROXIMATE CAUSE.** RCCL's employees' negligent design, construction, and
selection of materials for the subject area on board the RCCL *Symphony of the Seas* proximately
caused Mrs. Bowen's injuries.  Had RCCL's employees properly and/or reasonably designed,

constructed and selected the subject area on board the RCCL *Symphony of the Seas,* Mrs. Bowen would have never tripped, fallen and sustained injuries as a direct result of the fall on August 19, 2024.

104.    **DAMAGES.** As a result of RCCL's employees' negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in **paragraph 16** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:      *s/ Sarah A. Lobel*
          **SARAH A. LOBEL, ESQ**. (FBN 88716)
          slobel@hickeylawfirm.com
          **JOHN H. HICKEY**, **ESQ.** (FBN 305081)
          hickey@hickeylawfirm.com
          federalcourtfilings@hickeylawfirm.com
          **HICKEY LAW FIRM, P.A.**
          1401 Brickell Avenue, Ste. 510
          Miami, Florida 33131-3504
          Telephone: (305) 371-8000
          Facsimile: (305) 371-3542
          *Counsel for the Plaintiff*